## TORREY *v.* UNITED STATES.

(*Circuit Court, E. D. Missouri, E. D.* April 22, 1890.)

1. ACCORD AND SATISFACTION—CONSIDERATION.
   In an action to recover a balance on a contract to deliver beef, defendant pleaded that the agreement, as understood by both parties, was $3.50 per hundred for steers, with 20 per cent. deduction for all cows delivered, which latter clause was accidentally omitted from the contract, and that plaintiff had accepted a settlement on that basis in full satisfaction of all claims thereunder. On plaintiff's motion to strike out, *held*, treating the plea as one of accord and satisfaction, the allegation of mistake was necessary, as showing a consideration for the settlement, and it constituted a legal defense.

2. CODE PLEADING—EQUITABLE DEFENSE.
   Treating the plea as an equitable defense to an action at law, it was permissible, under the Practice Act of Missouri, (Rev. St. 1879, § 3461,) providing that there shall be but one form of civil action. *Smith* v. *Canning Co.*, 14 Mo. App. 522, followed.

3. CLAIMS AGAINST UNITED STATES—JURISDICTION.
   The action being brought under Act Cong. March 3, 1887, c. 359, § 2, providing that the circuit courts shall have concurrent jurisdiction with the court of claims in certain cases against the United States, and that the judge shall be the trier of the facts in such cases, the question of the right of parties to a trial by jury is not involved.

At Law. On motion to strike out special plea.

Plaintiff's petition contains two counts, the first laying the damages at $525 and the second at $3,000, for other violations of the contract. Act Cong. March 3, 1887, c. 359, § 2, provides that the circuit courts shall have concurrent jurisdiction with the court of claims in all actions against the United States where the amount involved exceeds $1,000, and does not exceed $10,000.

*Jay L. Torrey* and *E. W. Pattison*, for plaintiff in error.

*Geo. D. Reynolds*, U. S. Atty.

THAYER, J. In this case the plaintiff sues in the first count to recover a balance alleged to be due on a contract with the government to deliver 475,000 pounds of beef cattle (either steers or cows) at the Shoshone Indian agency. It is alleged in the petition that the price agreed to be paid was $3.50 per hundred on the hoof, but that the government only allowed and paid $2.80 per hundred for such cows as were delivered, and that, in consequence of its failure to pay for the cows at the price stipulated in the contract, there is a balance still due in the sum of $525. The government answers the complaint, first, by a general denial of all the allegations, as it is permitted to do under the code of

procedure in this state. It then pleads specially the following facts, in substance: That the contract in question on which plaintiff sues was for 475,000 pounds of beef, at the price of $3.50 per hundred on the hoof,—a deduction of 20 per cent., however, to be made from such price, in paying for all cows delivered; that plaintiff and the defendant alike understood such to be the contract; that the cattle delivered under the contract were accepted and paid for in pursuance of such understanding; that plaintiff accepted the payment so made, in full satisfaction and discharge of all claims under said contract; but that in drafting the agreement the clause with reference to deducting 20 per cent. of the stipulated price in paying for cows was accidentally omitted, and that the omission was not discovered till long after the contract was made. There is a motion to strike out the special plea, on the ground that it is an equitable defense not permissible in a suit at law. I am satisfied that the motion ought not to prevail.

1. The matter pleaded, in my judgment, is not exclusively an equitable defense. It is averred in the plea that plaintiff has accepted a certain sum, in full satisfaction and discharge of all claims under the contract sued on. This is a legal defense, and, even in this aspect, it was probably thought necessary to allege and prove that there was a mistake in drafting the contract from which a controversy might arise, as otherwise it might not appear that there was any consideration for accepting, by way of satisfaction and discharge of all claims under the contract, a less sum than appeared to be due according to its provisions, as the same had been erroneously written. Treating the plea as one of accord and satisfaction, and hence as a legal defense, it appears to the court that the allegation as to the mistake made in drafting the contract is a proper and necessary allegation.

2. But I am unwilling to admit that such a defense may not be made to a suit at law on the contract, even conceding it to be of an equitable nature. The government pleads that a mistake was made in drafting the contract, not as the basis of any affirmative relief sought, but purely by way of defense, and in negation of the right asserted by the plaintiff. In this state an equitable defense, made under such circumstances, is allowable in a suit at law. *Smith* v. *Canning Co.*, 14 Mo. App. 522, and cases cited. Nothing is to be gained, it would seem, by forcing the defendant to file a bill for the reformation of the contract, and for an injunction to stay the action at law until the suit for reformation is concluded. The question as to whether either party will be subjected to a different form of trial than they are entitled to, is not even involved in this case; as, in any event, the suit being under the act of March 3, 1887, the issue of fact must be tried by the court. I am satisfied that the motion is not well taken, and it is accordingly overruled, with leave to file a reply.